UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Case No.**

V4, a minor child, by
and through his parents and
natural guardians, P5 and P6,

    Plaintiffs,

v.

HILTON CENTRAL SCHOOL DISTRICT and
KIRK ASHTON, individually,

    Defendants.

---

**PLAINTIFFS' MOTION FOR LEAVE TO
PROCEED UNDER PSEUDONYM**

---

Justin D. Grosz
New York Bar No. 5295365

JUSTICE FOR KIDS®
A Division of Kelley Kronenberg

10360 W. State Road 84 | Fort Lauderdale | Florida | 33324 | Tel. (754) 888-KIDS (5437) | Fax (954) 644-4848 | Toll Free 844-4KIDLAW
justiceforkids.com

## Table of Contents

Table of Authorities……………………………………………………………………………..3-5

Introduction…..………………………………………………………………………………….6

Memorandum of Points and Authorities……………………………………………………….7

    I.      Legal Standard………………………………………………………………….7

    II.     Argument……………………………………………………………………….8

Conclusion ................................................................................................................................17

## Table of Authorities

**Cases**

*A. W. v. Tuscaloosa City Sch. Bd. of Educ*,
744 F. App'x 668 (11th Cir. 2018)……………...…………………………………………..11

*Coker v. Georgia,*
433 U.S. 584 (1977)……………………………………………………………………...11

*Deborah S. v. Diorio,*
583 N.Y.S.2d 872 (N.Y.City Civ.Ct.1992)……………………………………………………11

*Does I thru XXIII v. Advanced Textile Corp.,*
214 F.3d 1058 (9th Cir.2000)……………………………………………………………7, 12

*Doe v. Blue Cross & Blue Shield United of Wisc.,*
112 F.3d 869 (7th Cir.1997)………………………………...…………………………...10

*Doe v. City of Chicago,*
360 F.3d 667 (7th Cir.2004)……………………………...………………………….9

*Doe v. Deschamps*,
64 F.R.D. 652 (D. Mont. 1974)……………………………………..………………………….9

*Doe v. Evans,*
202 F.R.D. 173 (E.D.Pa.2001)……………………………………………………………10, 12

*Doe v. Frank*,
951 F.2d 320 (11th Cir. 1992)……………………………………………………………6, 7

*Doe v. Hartford life and Acc. Ins. Co.,*
237 F.R.D. 545 (D.N.J..2006)………………………………………………………………. 7

*See Doe v. City of Indianapolis, Ind.,*
2012 WL 639537 (S.D. Ind. Feb. 27, 2012) ..…………………………………………….13

*Doe v. Kolko,*
242 F.R.D. 193 (E.D.N.Y. 2005)……………………………………………………………6

*Doe No. 2 v. Kolko*,
242 F.R.D. 193 (E.D.N.Y. 2006)……………………………………………………………10

*Doe v. Ronan,*

justice for kids

2009 WL 10679478 (S.D. Ohio, W.D., June 4, 2009)…..………………………………………9

*Doe v. Smith,*
105 F.Supp.2d 40 (E.D.N.Y.1999)……………………………………………………………7, 10

*Doe v. Stegall*,
653 F.2d 180 (5th Cir. 1981)………………………………………………………………………12

*Doe v. Swearingen*,
2019 WL 95548 (S.D. Fla. Jan. 3, 2019)………………………………………………………….7

*Doe v. Strange,*
2016 WL 1168487 (M.D. Ala. Mar. 24, 2016)…………………………………………………..13

*Doe v. United Servs. Life Ins. Co.,*
123 F.R.D. 437 (S.D.N.Y.1988)…………………………………………………………....…7, 10

*EW v. New York Blood Center,*
213 F.R.D. 108 (E.D.N.Y.2003)……………………………………………………………………7

*In re Polemar Construction Limited Partnership*,
23 Fed. Appx. 423 (6th Cir. Nov. 6, 2001)………………………………………………………7

*James v. Jacobson,*
6 F.3d 233 (4th Cir.1993)…………………………………………………………………….7, 13

*Javier v. Garcia–Botello,*
211 F.R.D. 194 (W.D.N.Y.2002)…………………………………………………………………7

*Malibu Media, LLC v. Doe,*
2015 WL 12698036 (S.D. Ohio, E.D., Aug. 26, 2015)…………………………………..………7

*M.M. v. Zavaras*,
139 F.3d 798 (10th Cir. 1998)……………………………………………………………………9

*Plaintiff B v. Francis*,
631 F.3d 1310 (11 Cir. 2011)…………………………………………………………………….. 9

*P.M v. Evans-Brant Cent. Sch. Dist.,*
2008 U.S. Dist. LEXIS 112262 (W.D.N.Y. Sept. 2, 2008)……..…………………………….6

*Roe v. Aware Woman Ctr. for Choice, Inc.,*
253 F.3d 678 (11th Cir.2001)……………………………………………………………….7, 10

*Sealed Plaintiff v. Sealed Defendant*,
537 F.3d 185 (2d Cir. 2008)……………………………………………………………7

*S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*,
599 F.2d 707 (5th Cir. 1979)……………………………………………...……………………9

*WGA v. Priority Pharmacy, Inc.*,
184 F.R.D. 616, 617 (E.D.Mo.1999)…………………………………………………………..10

**<u>Statutes</u>**:

N.Y. Civil Rights Law § 50.………..……………………………………………………………..10

V4, a minor child, by and through his parents and natural guardians, P5 and P6 (collectively "Plaintiffs" unless otherwise specified), hereby respectfully seek leave of Court to proceed under pseudonym pursuant to Fed. R. Civ. P. 10(a).

## INTRODUCTION

V4 is a minor child who was sexually abused at Northwood Elementary School in Rochester, New York over a protracted period while he was a student, causing substantial harm. The Complaint, filed contemporaneously, details the Defendants' conduct, and seeks redress for the harm V4 has suffered and will continue to suffer. Plaintiffs seek to maintain anonymity by proceeding under pseudonyms, for those reasons asserted herein.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) provides that a complaint "include the names of all of the parties." Fed.R.Civ.P. 10(a). While the rule "serves more than administrative convenience" and is intended to protect the public's "legitimate interest in knowing all of the facts involved, including the identities of the parties" it is "not absolute" and "the ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). "The decision whether to permit a party to proceed anonymously is within the sound discretion of the district court." *P.M v. Evans-Brant Cent. Sch. Dist.,* 2008 U.S. Dist. LEXIS 112262, *7 (W.D.N.Y. Sept. 2, 2008); *Doe v. Kolko,* 242 F.R.D. 193, 195 (E.D.N.Y. 2005); *see Doe v. Frank*, 951 F.2d at 322. "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interest of litigants in nondisclosure."*Malibu Media, LLC v. Doe,* 2015

WL 12698036, at *1 (S.D. Ohio, E.D., Aug. 26, 2015) citing *In re Polemar Constr. Ltd. P'ship*, 23 Fed.Appx. 423, 425 (6th Cir. Nov. 6, 2001).

Parties are permitted to proceed under a pseudonym where special circumstances warrant anonymity. *See, e.g., Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 685–87 (11th Cir.2001); *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir.2000); *James v. Jacobson,* 6 F.3d 233, 238–39 (4th Cir.1993); *EW v. New York Blood Center,* 213 F.R.D. 108, 110–12 (E.D.N.Y.2003); *Javier v. Garcia–Botello,* 211 F.R.D. 194, 196 (W.D.N.Y.2002); *Doe v. Smith,* 105 F.Supp.2d 40, 43–44 (E.D.N.Y.1999); *Doe v. United Servs. Life Ins. Co.,* 123 F.R.D. 437, 439 (S.D.N.Y.1988).

The Second Circuit has identified several factors for district courts to consider, including: (1) whether the litigation involves matters that are highly sensitive and personal [in] nature; (2) whether identification presents other harms and the likely severity of those harms; (3) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (4) whether the suit is challenging the actions of the government; (5) whether the party will be exposed to retaliatory physical or mental harm should he or she proceed in their own name; and (6) whether the defendant is prejudiced by allowing the plaintiff to proceed anonymously. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008); *see also Doe v. Hartford life and Acc. Ins. Co.,* 237 F.R.D. 545, 550 (D.N.J..2006) "Courts may consider other factors as well based on the particularities of each case, and **no single factor is necessarily dispositive**." *Doe v. Swearingen*, 2019 WL 95548, at *2 (S.D. Fla. Jan. 3, 2019)(citing *Frank*, 951 F.2d at 323)(emphasis supplied).

**II.    ARGUMENT**

While all factors, here, militate in favor of permitting Plaintiffs to proceed under pseudonym, several are particularly informative and are specifically addressed below:

### A. The litigation involves highly sensitive matters

When V4 was a student at Northwood Elementary School, he was routinely summoned to the principal's office where he was sexually abused repeatedly during school hours. The abuse involved sexual contact with the child's buttocks and/or penis, under disturbing circumstances set forth with greater detail in the Complaint. The trauma inflicted on V4, and others, is multi-layered and complex. It has created upheaval in family dynamics and the ripple effects in the community have been profound. The details of the abuse are highly sensitive and personal in nature. Plaintiffs are acutely vulnerable to the harms of public disclosure.

Plaintiffs seek damages for their son's physical, mental, and emotional injuries stemming from Defendants' conduct and seek to prosecute these claims without publicly disclosing their son's identities as victims of child sexual assault because of the highly sensitive nature of the matter. Plaintiffs have already suffered significant pain, shock, shame, and embarrassment as a direct result of the sexual assaults and the risk of future harm would be greater if Plaintiffs' identities were made public. Further, the interests of justice would be served by an Order keeping Plaintiffs' identities out of publicly filed documents. Plaintiffs are not requesting that filings be sealed, only that their names be substituted with pseudonyms. Evaluating "the issue of pseudonymity requires weighing the scales between the public's interest and the rights to privacy advanced by the movant [...and] privacy interests arc recognized in particular circumstances to be in the public interest." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998).

Plaintiffs' requested relief would strike the proper balance between Plaintiffs' privacy interests and the public's right to know. Information of the "utmost intimacy" has been defined as that information which carries "a very negative connotation in society which can be embarrassing and humiliating if that information becomes public." *See Doe v. Ronan*, 2009 WL 10679478, at *1 (S.D. Ohio, W.D., June 4, 2009). *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11 Cir. 2011): 'Where the issues involved are matters of a sensitive and highly personal nature' ... the normal practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'" *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)).

The issues involved in this case could not be of a more sensitive and highly personal nature—they involve descriptions of minor children being repeatedly manipulated, intimidated and/or coerced into submissive positions during which they were sexually battered, having to return to the classroom and sit among their classmates. Requiring them to be identified by name closely connects the graphic conduct with public perception, reputation, and trauma, making it a matter of "the utmost intimacy."

Courts recognize that sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity. *Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006), *See Doe v. Blue Cross & Blue Shield United of Wisc.,* 112 F.3d 869, 872 (7th Cir.1997) ("fictitious names are allowed when necessary to protect the privacy of ... rape victims, and other particularly vulnerable parties or witnesses"); *see also Doe v. City of Chicago,* 360 F.3d 667, 669 (7th Cir. 2004). Courts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault. *See, e.g., Aware Woman Ctr.,* 253 F.3d at

685 (abortion); *EW,* 213 F.R.D. at 111 (infection with hepatitis B); *Doe v. Evans,* 202 F.R.D. 173, 176 (E.D.Pa.2001) (sexual assault victim); *Smith,* 105 F.Supp.2d at 42 (sexual assault victim); *WGA v. Priority Pharmacy, Inc.,* 184 F.R.D. 616, 617 (E.D.Mo.1999) (status as AIDS patient); *Doe v. United Servs. Life Ins. Co.,* 123 F.R.D. at 439 (sexual orientation); *see also Blue Cross,* 112 F.3d at 872 (recognizing rape victims as entitled to anonymity). Indeed, many states in this country, including New York, have enacted laws to protect the anonymity of sexual assault victims. *See* N.Y. Civil Rights Law § 50–b. Upon approving New York's rape shield law, then Governor Mario Cuomo stated, "sexual assault victims have unfortunately had to endure a terrible invasion of their physical privacy. They have a right to expect that this violation will not be compounded by a further invasion of their privacy." 1991 McKinney's Sessions Laws of N.Y., at 2211–2212 (quoted in *Deborah S. v. Diorio,* 583 N.Y.S.2d 872, 880 (N.Y.City Civ.Ct.1992)); *see also Coker v. Georgia,* 433 U.S. 584, 597 (1977) ("Short of homicide, [rape] is the ultimate violation of self"). *See A. W. v. Tuscaloosa City Sch. Bd. of Educ*, 744 F. App'x 668 (11th Cir. 2018) (plaintiff permitted to proceed anonymously where allegations stemmed from rape of a minor).

### B. Vulnerability to the possible harms of disclosure

The insidiousness of the sexual abuse at issue here is that such abuse, committed upon minor children by a school official inside the school, steals from the victims their sense of trust, privacy, autonomy, and normalcy. A litigation pursued under the New York Child Victim's Act (CVA) is a critical step for survivors to recover what was taken from them. To demand that survivors publicly disclose their identity in order to pursue a legal avenue statutorily provided to them, as the victims of sexual abuse, only perpetuates the harm as it requires them to

sacrifice exactly what was taken from them. To require V4 to disclose his identity as a child who has been sexually abused, deprives him of his privacy, autonomy, and normalcy all over again.

The media and community attention generated by the arrest and ensuing indictments, which have named in excess of at least 25 victims, has, *on one hand*, engendered widespread support for the young innocent victims and shined a needed light on the conduct, while, *on the other hand*, unwittingly driven desire to know who they were. Unfortunately, the stigma associated with the sexual abuse of minor children is not solely reserved for the perpetrators. Moreover, when victims finally find the courage to come forward and speak against the abuse they suffered, they risk re-traumatization when the most intimate details of their life are made public. For this reason, laws protecting the victims' identities have been enacted.

### C. Atypically weak public interest in knowing identities

"The equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). "The public right to scrutinize governmental functioning, is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself, as the assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Richmond Nevv, papers, Inc.* v. *Virginia,* 448 US 555 (1980). The public interest is not harmed by allowing the Plaintiffs to proceed anonymously, and that interest itself is an atypically weak one. While the presumptive openness of proceedings is a cornerstone of the American legal system, there is a greater interest in affording victimized plaintiffs such as V4 to his day in court without deterring litigation through the force of identifying such

victims.  It is the *enforcement* of federal Title IX laws and/or state statutes, here, which benefits the public as opposed to *forcing* the identification of individual minor Plaintiffs, which would do little – if not nothing – to further community welfare.  In fact, where the net result may have a chilling effect on a party's willingness to litigate, such measures are "generally considered against public policy." *See Advanced Textile,* 214 F. 3d at 1073.  Compelling the identification of V4 and the other victims like him seeking to pursue this cause of action can effectively deter minor sexual abuse victims from seeking redress through litigation.  The public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.  *See Doe v. Evans,* 202 F.R.D. at 176 (granting anonymity to sexual assault victims).

### D. There is no prejudice to the Defendants

Defendants would not be prejudiced if the Plaintiffs' Motion is granted.  The governmental Defendants are public entities that lack the same vulnerability that faces a minor child victim of repeated sexual abuse, particularly in an era where publicly filed documents are easily searchable online.  Anonymity in this case, would be limited to the pseudonyms that Plaintiffs use, not to who they are in every other respect.  *James v. Jacobson,* 6 F.3d at 243.  Moreover, undersigned counsel has already provided V4's, P5's, and P6's names to the Defendants outside of public filings.  It is merely the public dissemination of Plaintiffs' identities that is at issue.  Indeed, any concerns of the Defendants are easily alleviated with the use of a protective order because it would allow Defendants "to access this information without disseminating it publicly," and it would "protect Plaintiffs' substantial privacy interests while allowing Defendants to efficiently defend against Plaintiffs' claims." *Doe v. Strange*, 2016 WL

1168487 at *2.  *See Doe v. City of Indianapolis, Ind.*, 2012 WL 639537, at *2 (S.D. Ind. Feb. 27, 2012).

## CONCLUSION

Plaintiffs respectfully submit that sufficiently special circumstances exist to permit Plaintiffs to proceed under pseudonyms and request the entry of an order so permitting.

Dated: June 10, 2022.

Respectfully submitted,

JUSTICE FOR KIDS®
a division of Kelley Kronenberg, P.A.
10360 West State Road 84
Fort Lauderdale, Florida 33324
Telephone:   754.888.5437
Facsimile:    954.644.4848

By:   *Justin D. Grosz*
Justin D. Grosz
New York Bar No. 5295365
justin@justiceforkids.com
marisela@justiceforkids.com
julianna@justiceforkids.com

### CERTIFICATE OF SERVICE

As this Motion is being filed contemporaneously with the filing of the Complaint, and neither Defendant has had the opportunity to make an appearance, there are no counsel of record for the Defendants, as of yet, in this matter. However, the undersigned has been in communication with Mr. Intoccia, below, whom the undersigned anticipates will be making an appearance for one of the Defendants and, as such, a copy of this motion is being delivered electronically to him, this 10th day of June, 2022, as follows:

Gary J. Intoccia
MCGIVNEY KLUGER CLARK & INTOCCIA P.C.
18 Columbia Turnpike
Suite 300
Florham Park, New Jersey 07932

JUSTICE FOR KIDS®

*Justin D. Grosz*
Justin D. Grosz
New York Bar No. 5295365

justice for kids